Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Mark Alves, individually and on behalf of all others similarly situated,** | Case No. |
| Plaintiff, | Class Action Complaint For Violations Of: |
| vs. | 1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and |
| **Vengroff Williams, Inc., and Does 1-10, inclusive,** | 2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq. |
| Defendants. | **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

# Introduction

**1.** This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Vengroff Williams, Inc. ("Defendant"), in an effort to deceive consumers and debtors in order to induce them to make payments for alleged debts in violation of state and federal laws.

**2.** In particular, Plaintiff, Mark Alves ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers after failing to provide the required verification after receiving notice of a dispute as to the validity of the debt. In particular, Defendant even acknowledged that it could not verify the debt and stated that it would cease collection on the debt, but still continued to collect on the debt.

**3.** Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe that Defendant could still attempt to collect on the debt and the consumer would have to make payments even though Defendant failed to verify the debt.

**4.** Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments that they would not otherwise make.

**5.** Thus, Plaintiff brings class action claims against Defendant, under the Federal Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), both of which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b).

## Jurisdiction and Venue

**6.** The Court has jurisdiction over Plaintiff' FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff' RFDCPA claim pursuant to 28 U.S.C. §1367.

**7.** Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, and because Plaintiff is a resident of San Luis Obispo County, California, which is within the Central District of California.

## The Parties

**8.** Plaintiff is a natural person residing in San Luis Obispo County, State of California who is obligated or allegedly obligated to pay any debt, and

3
**CLASS ACTION COMPLAINT**

from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

9.     Defendant Vengroff Williams, Inc. is a company that uses an instrumentality of interstate commerce or the mail system in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6.  Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

10.    The debts Defendants attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

**Factual Allegations**

11.    Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter on behalf of a debt allegedly owed to U-Haul.

**12.** Plaintiff received Defendant's initial debt collection letter on or about April 19, 2016.

**13.** In response to Defendant's letter and within thirty (30) days of receipt of the letter, on or about May 13, 2016, Plaintiff mailed Defendant a request for validation of the alleged debt and for Defendant to provide any supporting documentation ("the Validation Letter").

**14.** In response to Plaintiff's Validation Letter, Defendant mailed Plaintiff a letter received on May 31, 2016 that acknowledged Plaintiff's verification request, that it could not verify the debt, and that it would cease collection activities and return the account to the client.

**15.** Despite this, on June 3, 2016, Plaintiff received a second debt collection letter from Defendant seeking to collect on the alleged debt on behalf of U-Haul.

**16.** §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5)

**17.** Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including … (§ 1692e(10);

c) Failing to cease collection activities until the debt collector obtains verification following notice of a written dispute of the debt (§ 1692g(b)).

## Class Allegations

18.     Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

19. Plaintiff represents, and is a member of the following classes:

a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant after mailing a dispute and requesting verification; or

b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant after Defendant failed to verify the alleged debts.

20. As a result of Defendant's conduct, Plaintiff and members of the putative class have been deceived and illegally threatened into making payments to Defendant.

21. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law

and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers after receiving communications disputing the debt and requesting validation;

    b. Whether Defendant sent collections letters to debtors following the receipt of validation requests and before investigation and verifying the debt and informing the debtors of the conclusion of that investigation;

    c. Whether, after determining the debt was unverifiable, Defendant still sent collection letters to debtors and consumers requesting payment on the unverifiable debt;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

**25.** As a person that subjected to Defendant's grossly inadequate and misleading collection process, Plaintiff is asserting claims that are typical of the

Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

27.     Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

29.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these

claims is likely to present significantly fewer difficulties than those presented in many class claims.

**30.** Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### First Cause of Action

### Violation of the Fair Debt Collection Practices Act

### On Behalf of the Class

**31.** Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

**32.** To the extent that Defendant's actions, counted above, violated the FDCPA, these actions were done knowingly and willfully.

**33.** As a direct proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

a. That this action be certified as a class action on behalf of The Class

and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Second Cause of Action
### Violation of the Rosenthal Fair Debt Collection Practices Act
### On Behalf of the Class

34. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

35. To the extent that Defendant's actions, counted above, violated the RFDCPA, these actions were done knowingly and willfully.

36. As a direct proximate result of Defendants' conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the

Class members the following relief against Defendants:

    a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

    c. .For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    **f.** For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: October 14th, 2016

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff